PEOPLE *v.* HATFIELD

CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION BY COURT—SUF-
FICIENCY.
The trial court is not required to hold an extraordinary examina-
tion to determine why a defendant pleads guilty when the
defendant has received no concession from the prosecuting at-
torney in return for the plea, because the court need only
determine the voluntariness and the truthfulness of the plea
before it can be validly accepted (GCR 1963, 785.3[2]).

Appeal from Wayne, Horace W. Gilmore, J. Sub-
mitted Division 1 January 5, 1971, at Detroit.
(Docket No. 10163.)    Decided January 28, 1971.

Daniel Bruce Hatfield was convicted, on his plea
of guilty, of breaking and entering an office building
with intent to commit larceny. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Arthur N. Bishop,* As-
sistant Prosecuting Attorney, for the people.

*Jeffrey N. Shillman,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and
V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. Defendant appeals from his conviction upon a plea of guilty to the offense of breaking and entering an office building with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Since that was the crime with which he was originally charged, he now claims that the trial judge was obligated to conduct an extraordinary examination under GCR 1963, 785.3(2) to ascertain why defendant was pleading guilty without obtaining some concession from the prosecutor. The people have submitted a motion to affirm his conviction.

The plea transcript discloses that defendant was represented by counsel at the time he entered his plea, that he denied the presence of any promises or threats, and that he affirmatively expressed a desire to plead guilty to the offense with which he was charged. Upon these facts, it is manifest that the issue defendant presents is so unsubstantial as to need no argument or formal submission.

The motion to affirm is granted.